IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATHANIEL PHILLIPS,<br><br>   Plaintiff,<br><br>v.<br><br>CREDIT BUREAU OF NEW ULM, INC. d/b/a PROFESSIONAL CREDIT ANALYSTS OF MINNESOTA and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>   Defendants. | Case No. 1:19-cv-06375 |

## COMPLAINT

NOW COMES Plaintiff, Nathaniel Phillips ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Credit Bureau of New Ulm, Inc. d/b/a Professional Credit Analysts of Minnesota ("PCA"), and Experian Information Solutions, Inc., (collectively "Defendants"), as follows:

## PRELIMINARY STATEMENT

1. The United States Congress found:

    (1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

    (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

    (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

1

15 U.S.C § 1681(a).

2. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") to require fair and accurate reporting, promote efficiency for meeting the needs of commerce for consumer credit, and protect consumer privacy.

3. This action seeks actual, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq*.

4. A creditor may seek to collect an outstanding debt in several ways. However, because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692 . . ., Congress enacted the Fair Debt Collection Practices Act ("FDCPA").

5. This action seeks actual and statutory damages, costs, and reasonable attorney fees for Defendant PCA's violations of the FDCPA.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is conferred upon this Court by 12 U.S.C. § 2605, Title 11 of U.S.C., and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

7. Venue is proper as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Nathaniel Phillips ("Plaintiff") is a natural person over 18 years of age who, at all times relevant, was domiciled in the Northern District of Illinois.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c) and 15 U.S.C §1692a(3).

10. Credit Bureau of New Ulm, Inc. d/b/a Professional Credit Analysts of Minnesota ("PCA") is a Minnesota corporation with its principal place of business in New Ulm, Minnesota. PCA is a debt collector. PCA also provides credit bureau reporting for is clients and utilizes credit bureau credit bureau reports as part of its skip tracing process. PCA is a furnisher of information to the major credit reporting agencies.

11. PCA regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions, such as Plaintiff's transactions at issue in this lawsuit and described herein, and is, therefore, a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

12. Experian Information Solutions, Inc. ("Experian") is a foreign corporation with its principal place of business in Costa Mesa, California.

13. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Experian is regularly engaged in the business of "assembling or evaluating, and maintaining, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity" on a nationwide basis, as defined by 15 U.S.C. § 1681a(p).

15. Experian reported that is holds and manages "large datasets which include credit history and repayment data on over one billion people and 145 million businesses." *See* Experian, *Unlocking the power of data*, Annual Report 2018, Year Ended 31 March 2018, available at: https://www.experianplc.com/media/3529/experian-2018-annual-report.pdf (last accessed on April 23, 2019).

**FACTUAL ALLEGATIONS**

16. In 2017, Plaintiff pulled his credit reports from all three major credit reporting agencies, namely, Equifax, TransUnion, and Experian ("credit reporting agencies" or "CRAs").

17. Plaintiff noted two accounts listed on his credit reports by an entity named ZZounds with an address of P.O. Box 3333, Mankato, Minnesota, and a phone number of (507) 345-3333. No further information was provided for ZZounds.

18. The two Zzounds accounts ("alleged debt" or "supposed debt") listed two separate debts, one in the amount of $794, and the other in the amount of $274. Both accounts were listed as "past due" and "in collection."

19. After investigation, Plaintiff discovered that Zzounds appeared to be an online company that sells musical equipment to consumers. However, Plaintiff also discovered that the above address and phone number that appeared next to Zzounds actually belonged to PCA.

20. Upon information and belief, the Zzounds accounts were in default, and, at some time thereafter, were transferred to PCA for collection.

21. Plaintiff has never had any prior business relationship with either Zzounds or PCA. In fact, Plaintiff had never heard of either Zzounds or PCA.

22. Plaintiff also noted an erroneous residential address in Milwaukee, but at all times relevant, Plaintiff has lived, and continues to live, in Chicago.

23. In or about 2017, shortly after discovering the erroneous Zzounds accounts, Plaintiff sent online disputes to Equifax, TransUnion, and Experian.

24. Plaintiff advised the CRAs that he has never been associated with the Zzounds accounts and has no prior knowledge of them or of the entities listed on his credit reports. Plaintiff

also disputed the erroneous residential address on his credit reports and provided his correct address.

25. In response to Plaintiff's disputes, Equifax and TransUnion removed the erroneous Zzounds accounts, but Experian continued to report them.

26. In December, 2019, Plaintiff again submitted an online dispute to Experian.

27. Again, Plaintiff advised Experian that the Zzounds accounts did not belong to him and that he had never heard nor had he ever been associated with either Zzounds or PCA.

28. Experian responded to the above dispute on or about January 9, 2019.

29. In its response, Experian removed one of the accounts, but kept the other one.

30. Specifically, in its response, Experian reported the account as "Professional Credit Analys, Account – ZZ3049XXXX" with an account type of "N/A," a status of "No Status," a date first reported of "08/2017," an original creditor listed as "ZZounds Music LLC" with no reported balance or monthly payment amount.

31. Specifically, in its response, Experian also reported the following: "The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated."

32. Finally, Experian's response advised that Plaintiff can contact Professional CR Analys at PO Box 3333, Mankato, MN 56002 or (507) 345-3333.

33. Shortly after receiving Experian's response, Plaintiff called PCA at the number above to again to dispute the erroneous accounts. Plaintiff again explained the circumstances to the PCA representative, but to no avail. The erroneous account information remained on his Experian credit report.

34. On September 18, 2019, Plaintiff pulled, and paid for, his Experian credit report.

5

35. Despite Plaintiff's previous disputes, Experian continued to report the erroneous information. This time, however, Experian reported a "late payment in the last 60 days" for Professional CR Analysis" with a past due amount of "$794." Curiously, the PCA account for the supposed $294 debt did not appear on Plaintiff's Experian credit report as of September 18, 2019.

36. On information and belief, Experian notified PCA of Plaintiff's multiple disputes within 5 days of receiving them.

37. To date, PCA and Experian continue to misreport the alleged Zzound account(s).

38. Accordingly, Plaintiff continues to be harmed by the inaccurate reporting of the alleged debt.

39. This entire experience has imposed distrust, distress, and frustration on Plaintiff.

40. This entire experience has resulted in expenditure of considerable time, anxiety, and mental anguish.

## EFFECT OF CONSUMER REPORTS WHICH CONTAIN INACCURATE OR MISLEADING INFORMATION

41. Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:
>
> i. credit or insurance to be used primarily for personal, family, or household purposes;
>
> ii. employment purposes; or
>
> iii. any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

42. The information contained in a consumer report bears on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, and personal characteristics.

43. The information contained in a consumer report can have a tremendous effect on the consumer, including the consumer's:

   a. Eligibility for credit (mortgages, personal loans, credit cards);
   b. Interest rate charged on credit;
   c. Potential for refinancing of existing credit;
   d. Eligibility for rental housing;
   e. Eligibility for telephone and utility services;
   f. Eligibility for and the terms of insurance products;
   g. Employment or potential employment; and
   h. Eligibility for government benefits.

44. After the multiple disputes as highlighted above, Plaintiff was forced to pull and pay for his Experian credit report to see if the Zzound account(s) were removed. To date, they have not.

45. Plaintiff has been denied credit and such denial is due, in whole, or in part, to the misreporting of the Zzounds accounts.

### CLAIMS FOR RELIEF

**Count I**
**PCA's violation(s) of 15 U.S.C. § 1681 *et seq.***

46. Plaintiff restates and re-alleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as the term is defined under 15 U.S.C. §§1681a(c) and (b).

48. PCA is a "person" as defined by 15 U.S.C. §1681a(b).

49. PCA is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

50. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

51. PCA violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Experian.

52. Had PCA reviewed the information provided by Experian, it might have corrected the inaccurate designations of the PCA trade line(s) and transmitted the correct information to it. Instead, PCA wrongfully and erroneously verified its inaccurate reporting without conducting a reasonable investigation.

53. PCA violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's disputes to Experian.

54. PCA violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information in Plaintiff's credit files. Instead, PCA continued to report the inaccurate, incomplete, and misleading information in Plaintiff's credit files after receiving Plaintiff's detailed disputes.

55. PCA failed to conduct a reasonable reinvestigation of its reporting of the PCA trade lines or delete the inaccurate reporting from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's disputes from Experian under 15 U.S.C. §1681i(a)(1).

56. PCA violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

57. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, PCA did not correct the errors or trade lines to report accurately. Instead, PCA wrongfully re-reported, furnished, and re-furnished false, erroneous, and misleading information, after Plaintiff's disputes, to one or more third parties.

58. A reasonable investigation by PCA would have confirmed the veracity of Plaintiff's disputes, yet the inaccurate information continues to be reported in Plaintiff's Experian credit files.

59. Had PCA taken steps to investigate Plaintiff's valid disputes or Experian's requests for investigation, the erroneous credit reporting of the PCA trade line may have been corrected. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

60. By deviating from the standards established by the lending industry and the FCRA, PCA acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Experian.

**WHEREFORE**, Plaintiff, NATHANIEL PHILLIPS, respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. An order directing PCA to immediately cause to delete the inaccurate information from Plaintiff's credit reports and credit files;
c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff punitive damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## Count II
### Experian's violation(s) of 15 U.S.C. § 1681 *et seq.*

61. Plaintiff restates and re-allege paragraphs 1 through 45 as though fully set forth herein.

62. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

63. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

64. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

65. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

66. Plaintiff provided Experian with all relevant information in his requests for investigation and reinvestigation to reflect that the Zzounds accounts did not belong to him.

67. Experian prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the PCA trade lines with erroneous information referencing "collection," "late payments," and "past due amounts." Moreover, Experian continued to show a wrong residential address for Plaintiff.

68. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished as they related to Plaintiff. Experian prepared patently false,

incomplete, and a materially misleading consumer reports concerning Plaintiff. After Plaintiff's multiple disputes, Experian had actual knowledge that the PCA trade line(s) were being misreported.

69. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to then subsequently delete or correct the information in Plaintiff's credit file.

70. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to PCA. Upon information and belief, Experian failed to include all relevant information as part of the notice to PCA regarding Plaintiff's disputes that Experian received from Plaintiff.

71. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from PCA.

72. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

73. Experian knew that the inaccurate designations of the PCA trade line on Plaintiff's consumer reports would have a significant adverse effect on Plaintiff's creditworthiness.

74. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Experian readily sold Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

75. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

76. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with reckless disregard for its duties to report accurate and complete consumer credit information.

77. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

78. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer files and reporting Plaintiff's credit information.

79. Experian's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

**WHEREFORE**, Plaintiff, NATHANIEL PHILLIPS, respectfully prays this Honorable Court for the following relief:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. An order directing Experian to immediately delete the inaccurate information from Plaintiff's credit reports and credit files;
   c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
   d. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
   e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
   f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
   g. Award any other relief as this Honorable Court deems just and appropriate.

**Count III**
**PCA's violation(s) of 15 U.S.C. § 1692 *et seq.***

80. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

81. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

82. The alleged alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. Specifically, the alleged debt stems from ZZounds, a company that sells musical instruments to consumers.

83. PCA is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, telephones, and credit reporting to collect delinquent accounts allegedly owed to a third party.

84. Moreover, PCA is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

85. PCA used the credit reporting bureaus, by falsely reporting the alleged debt, in an attempt to collect it and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

86. PCA's communications were made in connection with the collection of the alleged debt.

87. PCA violated 15 U.S.C. §§1692e, e(2), e(8), and e(10) through its unlawful debt collection practices.

   **a. Violations of FDCPA § 1692e**

88. PCA violated §1692e by using false, deceptive, and misleading means in connection with collection of the alleged debt. Specifically, PCA reported false and inaccurate

13

information to the credit reporting agencies in regards to the alleged debt. PCA falsely reported the alleged debt on Plaintiff's credit report when Plaintiff did not legally owe the alleged debt.

89. PCA violated §1692e(2) when PCA misleadingly represented the character, amount, and legal status of the alleged debt on Plaintiff's credit reports in an attempt to dragoon Plaintiff into paying a debt not legally owed. At no time did Plaintiff owe the alleged debt, and after putting PCA on notice of this misleading representation, PCA chose to continue to report the alleged debt to the major credit reporting agencies.

90. Defendant violated §1692e(8) by threatening and communicating false and inaccurate information to the three major credit reporting agencies regarding the alleged debt in which it knew or should have known that it did not belong to Plaintiff. Specifically, shortly after receiving Experian's January 9, 2019 response to Plaintiff's dispute, Plaintiff spoke with PCA and requested PCA to remove the inaccurate information from his credit reports since it did not belong to him. Despite knowingly reporting the derogatory alleged debt on Plaintiff's credit reports and Plaintiff's disputes of the same, PCA continued to report the inaccurate and false information. Indeed, the inaccurate and false information remains on Plaintiff's Experian credit report today.

91. PCA violated §1692e(10) by falsely and deceptively representing that Plaintiff owed the alleged debt when it reported it on Plaintiff's credit reports as in collections, with a balance, and a past due amount. Plaintiff did not owe the alleged debt as PCA knew it most likely belonged to another person with a similar name.

92. PCA's conduct embarrassed Plaintiff as he was denied credit due to PCA's false reporting of the alleged debt. The false reporting has adversely affected Plaintiff's credit score and damaged Plaintiff's creditworthiness. Plaintiff has lost valuable time by submitting multiple

disputes to the credit reporting agencies, pulling and paying for credit reports, monitoring his credit standing, and speaking to his attorneys.

**WHEREFORE**, Plaintiff, NATHANIEL PHILLIPS, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Order the immediate deletion of all adverse credit reporting relating to the alleged debt;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: September 25, 2019             Respectfully Submitted,

                                      /s/ Majdi Y. Hijazin

                                      Majdi Y. Hijazin, *Of Counsel*
                                      Counsel for Plaintiffs
                                      Sulaiman Law Group, Ltd.
                                      2500 S. Highland Avenue, Suite 200
                                      Lombard, IL 60148
                                      Phone: (630) 575-8181
                                      Fax: (630) 575-8188
                                      mhijazin@hijazinlaw.com

                                      *Counsel for Nathaniel Phillips*